IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| D&D RAILCAR, INC., | : | CASE NO. 1:14-bk-2478-RNO |
| Debtor. | : | |
| CSX TRANSPORTATION, INC. | : | |
| Plaintiff, | : | |
| v. | : | Adversary Case No. 1:17-ap- |
| FIRST NATIONAL BANK OF PENNSYLVANIA, GILMOUR CONSULTING, LLC, and NEIL GILMOUR III, | : | |
| Defendants, | : | |

## ADVERSARY COMPLAINT

Plaintiff, CSX Transportation, Inc. ("CSX") hereby files this Adversary Complaint against defendants, First National Bank of Pennsylvania ("FNB"), Gilmour Consulting, LLC ("Gilmour Consulting"), and Neil Gilmour III ("Gilmour"), and in support thereof states as follows:

### PARTIES

1. CSX is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida.

2. FNB, as successor to The Legacy Bank, is a financial institution conducting business in the Commonwealth of Pennsylvania with an address of 409 North Second Street, Suite 201, Harrisburg, Pennsylvania 17101.

3. Gilmour Consulting is a Pennsylvania limited liability company with a principal place of business in Wynnewood, Pennsylvania.

4. Neil Gilmour III is an individual who resides in the Commonwealth of Pennsylvania with a principal address of 500 Williams Road, Wynnewood, PA 19096.

## JURISDICTION AND VENUE

5. This Complaint is filed pursuant to 11 U.S.C. § 506(c) and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as this adversary proceeding arises in and relates to a pending chapter 7 bankruptcy.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

7. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b).

## FACTUAL BACKGROUND

8. This action arises out of a voluntary chapter 11 proceeding commenced by debtor, D&D Railcar, Inc. ("D&D"), on May 28, 2014.

9. D&D was in the business of owning, managing, and leasing rail cars for use in freight shipments on the interstate system of railroad.

10. As such, D&D agreed to be bound by certain rules promulgated by the Association of American Railroads ("AAR") governing, among other things, the safety requirements, the interchanging of rail cars, and process for billing charges throughout the American railroad industry.

11. CSX is a class one railroad operating rail lines throughout the eastern half of the United States.

12. CSX, like all major railroads and most of the shortline railroads in the United States and Canada, subscribe to the interchange rules promulgated by the AAR (the "AAR Rules").

2

13. Pursuant to federal law and industry practice, CSX was required to inspect the cars on its lines to ensure the safety of crews and equipment, and to generally protect the populations through which the rail lines operate.

14. When a rail car is found to be defective, CSX is required to make the repairs necessary to the car so that it may be safely put back into service (the "AAR Repairs").

15. Through the course of business, D&D's cars would be interchanged onto CSX's railroads.

16. Upon mandatory inspection, certain of D&D's cars were found to fall below the minimal safety requirements for safe transportation as set by the AAR Rules.

17. When CSX discovered the defects in D&D's cars, CSX was required to and did make the necessary AAR Repairs to D&D's cars so that the cars could be placed back into service and generate D&D income.

18. Pursuant to the AAR Rules, CSX billed D&D for the repairs using prices fixed by the AAR for the specific repairs.

19. FNB claims the debt it is owed by D&D is secured by D&D's fleet of rail cars.

20. FNB's secured claim directly relates to the rail cars repaired by CSX.

21. Pursuant to the chapter 11 plan confirmed in this action, Gilmour Consulting is attempting to liquidate D&D's assets and sell its rail cars.

22. Upon receipt of the proceeds from the sale of the rail cars, Gilmour will be charged with making the disbursements under the confirmed chapter 11 plan.

23. The repairs CSX made to D&D's rail cars were the reasonable and necessary costs of preserving FNB's collateral.

24. Between the filing of the chapter 11 petition through the bills for repairs made in March 2017, CSX made repairs totaling $89,244.03 to D&D's cars for which CSX has not been paid.

25. Pre-Petition, CSX made repairs totaling $45,647.19 to D&D's cars for which CSX has not been paid.

26. CSX has filed a motion for allowance of the post-petition repairs totaling $89,244.03 as an administrative expense and that motion is still pending.

### **FIRST CAUSE OF ACTION (11 U.S.C. § 506(c))**

27. CSX hereby incorporates the preceding paragraphs as if set forth fully at length herein.

28. The repairs made by CSX were reasonable and necessary to preserve the rail cars on which FNB claims to have security interests.

29. The repairs were made in accordance with the AAR Rules agreed to by and binding upon D&D.

30. Without the repairs made by CSX, D&D's rail cars would not have been allowed to move on the interstate system of rails, and would have lost their value.

31. The reasonable amount incurred by CSX to preserve FNB's collateral totals $134,891.22.

WHEREFORE, CSX Transportation, Inc. requests that this Court enter judgment in its favor and against First National Bank of Pennsylvania in the amount of $134,891.22 or such other amount as the Court deems just and enter an Order directing that the judgment be paid by Neil Gilmour III and/or Gilmour Consulting, LLC from the proceeds of the liquidation of D&D's assets prior to any payments to First National Bank of Pennsylvania.

## SECOND CAUSE OF ACTION (Unjust Enrichment)

32. CSX hereby incorporates the preceding paragraphs as if set forth fully at length herein.

33. FNB claims security interests in the rail cars repaired by CSX.

34. CSX was under an obligation to repair the rail cars to which FNB claims a security interest.

35. By repairing the rail cars, CSX conferred a benefit to FNB by protecting or enhancing the value of the property to which it claims a security interest.

36. CSX performed its services expecting to be paid the value of the repairs.

37. By seeking to obtain the proceeds of the sale of the rail cars, FNB is seeking to appreciate the value of the repaired rail cars.

38. It would be unjust for FNB to retain the value of the rail cars without paying CSX.

WHEREFORE, CSX Transportation, Inc. requests that this Court enter judgment in its favor and against First National Bank of Pennsylvania in the amount of $134,891.22 or such other amount as the Court deems just and enter an Order directing that the judgment be paid by Neil Gilmour III and/or Gilmour Consulting, LLC from the proceeds of the liquidation of D&D's assets prior to any payments to First National Bank of Pennsylvania.

Respectfully submitted,

**KEENAN COHEN & MERRICK, P.C.**

By: /s/ Timothy L. Frey
Timothy L. Frey
125 Coulter Avenue, Suite 1000
Ardmore, PA 19003
Phone: (215) 609-1110
Fax: (215) 609-1117
tfrey@freightlaw.net

*Attorneys for CSX Transportation, Inc.*

Dated: June 20, 2017