IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SCHUYLKILL RAIL CAR, INC., | ) | Case No.: 1:14-bk-02477-RNO |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| GILMOUR CONSULTING LLC, PLAN ADMINISTRATOR, | ) ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST NATIONAL BANK OF PENNSYLVANIA, AMERICAN EAGLE PAPER MILLS, ALLEGHENY VALLEY RAILROAD COMPANY, BUFFALO AND PITTSBURGH RAILROAD, CAMP CHASE INDUSTRIAL RAILROAD CORP., CANDO RAIL SERVICES, LTD., EDWARDS AND ROSE COTTONSEED, L.P. D/B/A CAPE AND SON, CATERPARROTT RAILNET, CENTRAL MAINE AND QUEBEC US RAILWAY, INC., COMBINED METAL INDUSTRIES INC., CSX TRANSPORTATION INC., CANTON RAILROAD CO., DELAWARE-LACKAWANNA RAILROAD CO., INC., DEPEW, LANCASTER AND WESTERN RAILROAD CO., INC., HAPPY VALLEY BLENDING LLC, FINGER LAKES RAILWAY CORP., HOUSATONIC RAILROAD CO., INC., INTERSTATE COMMODITIES, INC., INTERSTATE INDUSTRIAL SANDS, LLC, JUNIATA VALLEY RAILROAD, KOPPERS, INC., LYCOMING VALLEY RAILROAD, MITTAL STEEL USA – RAILWAYS, INC., NITTANY AND BALD EAGLE RAILROAD, NORFOLK SOUTHERN CORPORATION, HOOSIER MAGNETICS, INC., OWEGO AND | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| HARTFORD RAILWAY, INC., POTTERS INDUSTRIES LLC, RAILWORKS MAINTENANCE OF WAY, INC., REIST POPCORN CO., DEL MONTE FOODS, INC., SAGER CREEK FOODS, INC., STEELTON AND HIGHSPIRE RAILROAD CO., THE J.M. SMUCKER CO., YOUNGSTOWN AND SOUTHEASTERN RAILROAD, LEESPORT BANK, VIST BANK, TOMPKINS VIST BANK, LAWRENCE V. YOUNG, ESQ., CGA LAW FIRM, ALEX EVERHART, ROBERT L. KNUPP, ESQUIRE, INTERNAL REVENUE SERVICE, PENNSYLVANIA DEPARTMENT OF REVENUE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Respondents. | ) |

***************

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| D&D RAILCAR, INC., | ) Case No.: 1:14-bk-02478-RNO |
| | ) |
| Debtor in Possession. | ) |
| _____ | ) |
| | ) |
| GILMOUR CONSULTING LLC, PLAN ADMINISTRATOR, | ) ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| FIRST NATIONAL BANK OF PENNSYLVANIA, AMERICAN EAGLE PAPER MILLS, ALLEGHENY VALLEY RAILROAD COMPANY, BUFFALO AND PITTSBURGH RAILROAD, CAMP CHASE INDUSTRIAL RAILROAD CORP., CANDO RAIL SERVICES, LTD., EDWARDS AND ROSE COTTONSEED, L.P. D/B/A CAPE AND SON, CATERPARROTT RAILNET, CENTRAL MAINE AND QUEBEC US RAILWAY, | ) ) ) ) ) ) ) ) ) ) ) ) |

251911.3

| | |
|---|---|
| INC., COMBINED METAL INDUSTRIES | ) |
| INC., CSX TRANSPORTATION INC., | ) |
| CANTON RAILROAD CO., DELAWARE- | ) |
| LACKAWANNA RAILROAD CO., INC., | ) |
| DEPEW, LANCASTER AND WESTERN | ) |
| RAILROAD CO., INC., HAPPY VALLEY | ) |
| BLENDING LLC, FINGER LAKES | ) |
| RAILWAY CORP., HOUSATONIC | ) |
| RAILROAD CO., INC., INTERSTATE | ) |
| COMMODITIES, INC., INTERSTATE | ) |
| INDUSTRIAL SANDS, LLC, JUNIATA | ) |
| VALLEY RAILROAD, KOPPERS, INC., | ) |
| LYCOMING VALLEY RAILROAD, | ) |
| MITTAL STEEL USA – RAILWAYS, INC., | ) |
| NITTANY AND BALD EAGLE | ) |
| RAILROAD, NORFOLK SOUTHERN | ) |
| CORPORATION, HOOSIER MAGNETICS, | ) |
| INC., OWEGO AND HARTFORD | ) |
| RAILWAY, INC., POTTERS INDUSTRIES | ) |
| LLC, RAILWORKS MAINTENANCE OF | ) |
| WAY, INC., REIST POPCORN CO., DEL | ) |
| MONTE FOODS, INC., SAGER CREEK | ) |
| FOODS, INC., STEELTON AND | ) |
| HIGHSPIRE RAILROAD CO., THE J.M. | ) |
| SMUCKER CO., YOUNGSTOWN AND | ) |
| SOUTHEASTERN RAILROAD, | ) |
| LEESPORT BANK, VIST BANK, | ) |
| TOMPKINS VIST BANK, LAWRENCE V. | ) |
| YOUNG, ESQ., CGA LAW FIRM, ALEX | ) |
| EVERHART, ROBERT L. KNUPP, | ) |
| ESQUIRE, INTERNAL REVENUE | ) |
| SERVICE, PENNSYLVANIA | ) |
| DEPARTMENT OF REVENUE | ) |
| | ) |
| Respondents. | ) |

## ORDER CONFIRMING SALE OF PROPERTY FREE, CLEAR AND DIVESTED OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

**AND NOW**, the Court has considered the Joint Motion to Sell Personal Property Free and Clear of All Liens, Claims, Interests and Encumbrances ("Motion") filed by Plan Administrator, Gilmour Consulting LLC. After hearing held in the Ronald Reagan Federal Building, 228 Walnut Street, Harrisburg, PA, this date, the Court finds:

251911.3

(1) That service of the Notice to Creditors and Other Parties in Interest of Motion to Sell Personal Property Free and Clear of Lien, Claims, Interests and Encumbrances Pursuant to Section 363 of the Bankruptcy Code ("Auction Notice") noticing the hearing and objection deadline on said Motion for the named Respondents, Notice Parties (as defined in the Motion) and all other parties in interest referenced in the Motion, was effected as required under the applicable Bankruptcy Rules on the following potential interest holders whose potential interests are recited in said Motion:

| DATE OF SERVICE | NAME OF LIENOR AND SECURITY |
|---|---|
| 6/1/2017 | ALL NOTICED POTENTIAL INTEREST HOLDERS ARE SHOWN ON EXHIBIT "A" ATTACHED HERETO |

(2) That sufficient notice of said hearing and sale, together with the confirmation hearing thereon, was given to the Respondents, Notice Parties, and potential parties in interest by the moving party as shown by the certificate of service duly filed, and that the named Respondents were duly served with the Motion.

(3) That the auction sale has been sufficiently advertised and marketed by the Auctioneer to the railroad industry and other potentially interested parties by way of email marketing communications regarding the auction, and by way of an auction website where information about each of the Rail Cars and Rail Car Leases (collectively the "Assets") has been made available review, by way of online advertisements placed with the industry trade publications *Railway Age* and *Progressive Railroading*, and by marketing via other social media outlets.

(4) That Schuylkill Rail Car, Inc.'s ("Schuylkill") Third Amended Plan of Reorganization ("Schuylkill Plan") and D&D Rail Car, Inc.'s ("D&D") Second Amended Plan of Reorganization ("D&D Plan") provide the Plan Administrator, Gilmour Consulting, the authority to sell the Assets owned by the Debtors and referenced in the Motion, using its business judgment.

(5) Limited objections to the Motion were filed by Lawrence V. Young, West Railcar and Fabrication LLC, CSX Transportation, Inc., and Norfolk Southern Railway Company (the "Objecting Claimants"), but no objections to the auction sale have been made which should result in the cancellation of the auction sale of the Assets, as that term is defined in the Motion, or which were not resolved.

(6) The matters considered by the Court at the hearing were "core" proceedings pursuant to 28 U.S.C. Section 157(b)(2) over which the Court has jurisdiction to enter an order.

251911.3

(7) Missouri Rail Group, LLC d/b/a Ozark Mountain Railcar ("Auctioneer"), located in Kirbyville, MO, which will work in conjunction with Comly Auctioneers and Appraisers located at 1825 E Boston St., Philadelphia, PA 19125, is approved as the auctioneer.

(8) The terms of the auction sale and the Exclusive Brokerage / Online Auction Listing Contract between the Auctioneer and the Plan Administrator and the Debtors, Schuylkill and D&D ("Auction Agreement"), are fair and reasonable and in the best interests of the Estates.

(9) That the auction sale procedures, as executed, satisfy applicable bankruptcy law, the auction is being conducted in good faith and without collusion, and any buyer at the auction shall be a good faith purchaser in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

Now therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** that:

(1) The Motion is granted.

(2) The auction sale shall begin on July, 18 2017 at 8:00 a.m. CST and conclude on July 20, 2017 at 5:00 p.m. CST, 2017, and within fifteen (15) days following the distribution of the auction sale proceeds as provided for herein, the Movant shall file a report of sale which shall include a copy of the auction results;

(3) The auction sale will be "As-Is", "Where-Is".

(4) The Rail Car Leases which are linked to the Rail Cars purchased at the auction sale shall be assigned to the respective purchaser(s), as necessary, by the Plan Administrator in accordance with its authority conferred under the Schuylkill Plan and the D&D Plan.

(5) Pursuant to his authority conferred in the Schuylkill Plan and the D&D Plan, the Plan Administrator may take such actions as are, in his business judgment, in the Estates' interest to effectuate the sale of the property at the auction, as well as dispose of any property of the Debtors included in the Assets, as such term is defined in the Motion, which might remain following the auction, without further order of court.

(6) To the extent that Lawrence V. Young, Esq., CGA Law Firm, Alex Everhart, and/or Robert L. Knupp, Esq., obtain judgments against the FNB Collateral under 11 U.S.C. Section 506(c) in connection with their pending adversary actions, such claims may be enforced against only FNB

to the extent that it has received proceeds of the auction from the sale of FNB Collateral.

(7) All liens, claims, interests, charges and encumbrances, including those of FNB and the Objecting Claimants, are to be transferred to the proceeds of auction sale to the same extent, nature and priority that existed as of the date of the auction sale closing, if and to the extent they may be determined to be valid liens against the sold property, and that the within decreed sale shall be free, clear and divested of said liens, claims, interests, charges and encumbrances;

(8) After deduction from the auction sale proceeds of the amounts owed to the Auctioneer under the terms of the Auction Agreement, the balance of the auction proceeds shall immediately be paid by the Auctioneer to the Plan Administrator. After payment of the Plan Administrator's expenses and costs and windup fees and expenses to close the Estates, and the Trustee's fees, the Plan Administrator shall immediately distribute the sale proceeds to secured creditor First National Bank of Pennsylvania to the full extent of the FNB Obligations set forth and defined in the Schuylkill Plan and the D&D Plan, except the sum of One Hundred Eighty Four Thousand Dollars ($184,000.00), which shall be reserved in a special purpose account (the "Reserve Account")[1] for payment to the Objecting Claimants to the extent that the respective claims of the Objecting Claimants are determined to be senior in priority to the FNB Obligations. Amounts remaining in the Reserve Account after the allowed claims of the Objecting Claimants, if any, have been adjudicated and paid shall promptly be disbursed to FNB. If it is determined that the claims of the Objecting Claimants have priority over the FNB Obligations, and the funds in the Reserve Account are not sufficient to pay fully the claims of the Objecting Claimants determined to be senior in priority to FNB, then FNB shall disgorge any funds it has received from the auction proceeds that are required to pay the claims of the Objecting Claimants. Following the satisfaction of all of the FNB Obligations, any remaining sale proceeds held in the Reserve Account shall be paid to the Plan Administrator for its distribution to other claim holders in accordance with the Schuylkill Plan and the D&D Plan and applicable bankruptcy law. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Movant pending further Order of this Court after notice and hearing.

(9) FNB's liens and security interest shall automatically attach to the Reserve Account with the same priority as FNB's liens and security interests in the Debtors' Assets. FNB shall not be required to enter into a control agreement or undertake any other lien perfection steps to perfect its continuing security interest in the Reserve Account.

---

[1] The Reserve Account shall be maintained at FNB subject to its rights and liens and to the extent of the claims of the Objecting Claimants that are determined to be senior in priority to FNV, if any.

251911.3

Case 1:14-bk-02478-RNO    Doc 334    Filed 06/30/17    Entered 06/30/17 14:27:13    Desc
Main Document    Page 6 of 7

(10) Entry of this Order will not prejudice any claims or defenses of FNB or the Objecting Claimants asserted or filed in the Debtors' Chapter 11 cases.

**IT IS FURTHER ORDERED**, that:

(1) This Sale Confirmation Order survives any dismissal or conversion of the within case; and,

(2) *Within five (5) days of the date of this Order*, the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the Debtors' attorneys, the Auctioneer, and file a certificate of service.

By the Court,

Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

Dated: June 30, 2017

251911.3